MIGUEL VARGAS, Plaintiff and Appellant, *v.* ESPERANZA CRUZ VÉLEZ, Defendant and Appellee.

No. 5230.   Argued November 17, 1930.—Decided January 15, 1931.

*Tous Soto & Zapater* for appellant.    *José Sabater* for appellee.

MR. JUSTICE TEXIDOR delivered the opinion of the Court.

In an action of filiation prosecuted in the District Court of Mayagüez in the name of Miguel Vargas, civil case No. 9527, there was filed on May 22, 1929, a motion in which it was set forth: That on March 15, 1923, the above district court rendered a judgment dismissing the complaint of Vargas; that the court erred in sustaining a demurrer on the ground of prescription of the action, and exceeded its jurisdiction in holding the action barred and in rendering judgment without allowing the plaintiff to amend his complaint; that the plaintiff appealed but his appeal was not duly perfected and was dismissed; and the plaintiff prayed that said judgment be vacated.    On January 7, 1930, the district court denied the motion, and thereupon the plaintiff appealed.

Now the appelle has filed a motion to dismiss the appeal on the ground that a former appeal in the present case had been dismissed; that seven years have elapsed since the rendition of the judgment; that the appeal has not been perfected in accordance with the law; that no appeal lies from the order sought to be reviewed, and that the matter is *res judicata,* in respect of which this court has rendered several decisions.

680

Although it has been urged that a jurisdictional question is involved, we fail to find it. The original decision on the demurrer based on prescription, sustaining such demurrer and rendering judgment, does not involve a jurisdictional question at all. It was within the power of the district court, in deciding a demurrer of this sort, to render judgment if in its opinion the action had prescribed. It did not exceed its jurisdiction by refusing leave to amend, since courts are not bound to grant such leave; and because, if there was an abuse of discretion, the correction of such abuse could have been secured in time.

As the motion in question could have been sustained only by analogy with the cases provided for in section 140 of the Code of Civil Procedure, we deem it necessary to say that we are unable to perceive the reviewable character of the decisions in such cases.

The above grounds are sufficient for a determination of the motion to dismiss.

The appeal in this case will be dismissed.